IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RONALD BROWN,

           Plaintiff,

v.                                   CIVIL ACTION NO. 2:19-cv-00571

CORRECTIONAL OFFICER SKYLER SANTIAGO, et al.,

           Defendants.

### ORDER DENYING MOTIONS TO SEAL

Pending before the court are motions by both parties to seal the video recordings that have been entered into the record in ECF Nos. X,Y. Defendants filed their motion on May 18, 2020 [ECF No. 20]; Plaintiff filed a similar motion on October 1, 2020 [ECF No. 29]. For the reasons explained below, these motions are **DENIED**.

### I. BACKGROUND

These motions relate to a suit initiated by Ronald Brown ("Mr. Brown"), a former inmate at the Mount Olive Correctional Complex ("MOCC"). Mr. Brown alleges that the Defendants used excessive force against him in violation of his Eighth Amendment rights. He also brings state law claims for assault and battery and for intentional infliction of emotional distress. [ECF No. 1, Ex. 2].

The Defendants argue that the video recordings of the events that form the basis of Mr. Brown's claims should be sealed to protect the identities of other inmates

and to protect the inner workings of security processes at MOCC. [ECF No. 20]. Plaintiff states that the video files attached to his response to the Defendants' motion for summary judgment should be sealed because they were produced under protective order. [ECF No. 29].

## II. DISCUSSION

I first note that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." *Warren v. Branch Banking & Trust Co.*, No. 2:18-cv-1397, 2018 U.S. Dist. LEXIS 215722 at *1 (S.D. W. Va. Dec. 20, 2018) (quoting *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000)). The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive public access to all judicial records and documents. *Id.* at *2. Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. *Id.*; *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Quoting *Knight*, the Fourth Circuit observed:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

*Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Knight*, 743 F.2d at 235) (emphasis supplied).

Assuming the First Amendment right applies to these video recordings, the movant's burden is more substantial. To obtain a sealing order under the First Amendment rubric, the movant must show "the denial [of access] is necessitated by a compelling governmental interest and is narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606-07 (1982); *Virginia*, 386 F.3d at 573; *Stone v. University of Maryland Medical System Corp*, 855 F.2d 178,(4th Cir. 1988).

I find that the video recordings in this case should not be sealed. Plaintiff's motion has not made any showing whatsoever that the parties' interest in sealing the recordings outweighs the public interest. The Defendants do advance a governmental interest, but the security operations of the MOCC and the privacy interests of the other inmates on video are not so compelling as to overcome the public's right of access under the common law rubric. Nor is there a substantial governmental interest in secrecy that would permit sealing under the First Amendment rubric. The public has the right to be apprised of the potential use of excessive force and to view the evidence that the court has viewed in making its determinations.

### III. CONCLUSION

For the reasons stated in the foregoing order, the motions to seal [EFC Nos. 20 and 29] are **DENIED**.

Enter: March 5, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE